**Donald K. CROWDER, et al., Plaintiffs,**

v.

**Sharon Pratt KELLY, et al., Defendants.**

**Civil Action Nos. 94–702, 94–2269, 94–1728, 94–1603, 94–2136 and 95–1889.**

United States District Court, District of Columbia.

May 21, 1996.

Thomas Louis Jones, Douglas Bruce McFadden, R. Bradley Koerner, David A. Konuch, McFadden, Evans & Sill, Washington, DC, for Donald Kirk Crowder in No. 94–702.

Sherman Bernard Robinson, Office of Corporation Counsel, D.C., Washington, DC, for Sharon Pratt Kelly, Walter B. Ridley, Michelle Elzie, Bryant in No. 94–702.

Thomas Louis Jones, Douglas Bruce McFadden, R. Bradley Koerner, David A. Konuch, McFadden, Evans & Sill, Washington, DC, for Maurice D. Davis, Clyde A. Gray, Jr., Sylvester Smith in No. 94–2269.

Maurice D. Davis, Lorton, VA, Pro Se in No. 94–2269.

Clyde A. Gray, Jr., Lorton, VA, Pro Se in No. 94–2269.

Sylvester Smith, Lorton, VA, Pro Se in No. 94–2269.

Jacques Philippe Lerner, Office of Corporation Counsel, D.C., Washington, DC, for District of Columbia, Sharon Pratt Kelly, Margaret A. Moore, Paul Quander, Bernard Braxton in No. 94–2269.

Gerald Ashford, Lorton, VA, Pro Se in No. 94–1728.

Thomas Louis Jones, Douglas Bruce McFadden, R. Bradley Koerner, David A. Konuch, McFadden, Evans & Sill, Washington, DC, for Gerald Ashford in No. 94–1728.

Lawrence G. McPherson, Office of Corporation Counsel, D.C., Washington, DC, for Sharon Pratt Kelly, Margaret Moore, John S. Henderson in Nos. 94–1728 and 94–1603.

Jacques Philippe Lerner, Office of Corporation Counsel, D.C., Washington, DC, for District of Columbia, Marion Barry in No. 94–1728.

Benjamin W. Scott, Lorton, VA, Pro Se in No. 94–1603.

Thomas Louis Jones, Douglas Bruce McFadden, R. Bradley Koerner, David A. Konuch, McFadden, Evans & Sill, Washington, DC, for Benjamin W. Scott in No. 94–1603.

Thomas Louis Jones, Douglas Bruce McFadden, R. Bradley Koerner, David A. Konuch, McFadden, Evans & Sill, Washington, DC, for Roger Dawson in No. 94–2136.

Roger Dawson, Lorton, VA, Pro Se in No. 94–2136.

Jacques Philippe Lerner, Office of Corporation Counsel, D.C., Washington, DC, for Sharon Pratt Kelly, Margrete Moore, Bernard L. Braxton, Paul Krull in No. 94–2136.

John Roy, Lorton, VA, Pro Se in No. 95–1889.

Thomas Louis Jones, Douglas Bruce McFadden, David A. Konuch, McFadden, Evans & Sill, Washington, DC, for John Roy in No. 95–1889.

Jacques Philippe Lerner, Office of Corporation Counsel, D.C., Washington, DC, for District of Columbia, John S. Henderson, Bernard Braxton in No. 95–1889.

## *MEMORANDUM OPINION AND ORDER*

SPORKIN, District Judge.

This matter comes before the Court on Plaintiffs' motion for a preliminary injunction. Plaintiffs are current and former prisoners at the Ococoqan, Medium and Minimum Security facilities of the District of Columbia's Lorton Correctional Complex ("Lorton") in Lorton, Virginia.[1] Plaintiffs are non-smokers who allege that while incarcerated at Lorton, they have been subjected to high levels of environmental tobacco smoke ("ETS") in violation of the Eighth Amendment to the Constitution and 42 U.S.C. § 1983. On May 17, 1996, this Court held a hearing on this motion. Both parties submitted affidavits. Neither the Plaintiffs nor the Defendants called any witnesses to be heard in court.

1. The Plaintiffs in this case, Donald Crowder, Maurice D. Davis, Clyde Grey, Sylvester Smith, Benjamin Scott, Gerald Ashford, Rodger Dawson and John Roy, filed separate actions that have been consolidated.

2. Memorandum from Ric Murphy, Director, Department of Administrative Services, to the

## STANDARD FOR PRELIMINARY INJUNCTION

■ In order to prevail on a motion for a preliminary injunction, a plaintiff must demonstrate: 1) substantial likelihood of success on the merits; 2) irreparable harm if the injunction is not granted; 3) other interested parties will not suffer substantial harm if the injunction is granted; and 4) the public interest will be furthered by the injunction. *Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1208 (D.C.Cir.1989).

## FACTS

Plaintiffs are non-smokers who allege that while incarcerated at Lorton, they have been subjected to high levels of ETS. The Plaintiffs claim that the District of Columbia has failed to enforce its existing non-smoking policy for Lorton.

By Memorandum dated January 31, 1992, the Director of the Department of Administrative Service for the District of Columbia advised the heads of all departments and agencies that District of Columbia Law required that they "establish a smoke free work environment"[2] In enacting this policy, the District of Columbia stated:

"The District is deeply concerned about the health and welfare of it employees and the public whom they serve and is dedicated to providing a safe, healthy work environment. The health risks of smoking and exposure to smoke are clearly documented by reports of the U.S. Attorney General. The District accepts the current evidence that: passive smoke is a cause of disease, including lung cancer, in healthy nonsmokers, and, the simple separation of smokers and nonsmokers within the same air space may reduce, but does not eliminate the exposure of nonsmokers to environmental tobacco smoke."

This policy was adopted by the Department of Correction in Department of Corrections Operating Procedure 6060.1.[3]

In relevant part, this procedure provides:

Heads of all Departments and Agencies, January 31, 1992.

3. District of Columbia law requires the heads of all departments and agencies to establish a "Smoke Free Workplace". D.C.Law 3–22, D.C.Code Sec. 6–911, et seq., as amended.

Designated Smoking Areas

1. Smoking shall only be permitted in designated smoking areas. These designated smoking areas must be separated by a physical barrier or a separate room to minimize smoke in nonsmoking areas. Ventilation shall be in compliance with the District laws and regulations that govern indoor ventilation.

Plaintiffs have submitted unrefuted sworn affidavits detailing their exposure to ETS. It is clear from these affidavits that the smoking policy is not being enforced. As the affidavits state "Smoking occurs everywhere and anywhere at Lorton. There are plenty of smokers, even in Dorm 2, which is supposed to be a non-smoking dorm." (Ashford Aff. ¶ 4). "Both prisoners and guards smoke nonchalantly at Minimum. There is total disregard of the non-smoking policy which is supposed to be in effect at Minimum." (Smith Aff. ¶ 3). "I have seen prisoners smoking * * * There are widespread violations of the nonsmoking policy * * * " (Dawson Aff. ¶ 3). "Prisoners and guards smoke in areas where smoking is supposed to be outlawed. In spite of this fact, prison officials have failed to reprimand or 'write up' prisoners for smoking" (Roy Aff. ¶ 4). "The television room looks like a nightclub because of the heavy clouds of tobacco smoke from the inmates who smoke cigarettes while watching television." Smith Aff. ¶ 4).

The effect of this lack of enforcement is particularly harsh on those prisoners with pre-existing medical conditions. Plaintiff, Benjamin W. Scott, an insulin dependant diabetic, submitted a sworn affidavit attesting to the fact that disregard of the nonsmoking policy is so pervasive, that he must sweep cigarette butts from underneath his bed each evening. (Scott Aff. ¶ 4). Plaintiff John Roy, who suffers from tuberculosis continues to be exposed to ETS. (Roy Aff. at 4). Inmates have submitted repeated requests for transfer to non-smoking areas and such requests have been denied. (Ashford Aff. ¶ 6, Dawson Aff. ¶ 5, Scott Aff. ¶ 5). There are no barriers, as required by the Department of Corrections procedure to separate smokers from non-smokers. (Smith Aff. ¶ 5). Ventilation is inadequate to clear the ETS.

(Dawson Aff. ¶ 4). It is undisputed that the lack of enforcement of the non-smoking policy was brought to the attention of the appropriate prison officials and they have taken no action. (Ashford Aff. ¶ 6, Dawson Aff. ¶ 7, Scott Aff. ¶ 7).

The District of Columbia has had every opportunity to rebut the specific facts set forth in Plaintiffs' sworn affidavits. Instead, the District of Columbia has submitted a single declaration from Ronald J. Jenkins, Fire Protection Specialist. Mr. Jenkins conducted an inspection of the Lorton facilities on April 9, 10 and 11, 1996. According to Mr. Jenkins' Declaration, he witnessed no violations of the smoking policy during his inspection. (Jenkins Dec. ¶ 5). Mr. Jenkins' declaration fails to address any of the specific issues raised in Plaintiffs' affidavits, such as the enforcement of the non-smoking policy, the adequacy of the ventilation or the lack of barriers separating smoking and non-smoking areas. The Jenkins Affidavit does not state that he spoke to the Plaintiffs or in any way investigated their specific complaints.

## ANALYSIS AND DECISION

The Supreme Court has recognized a cause of action for violation of the Eighth Amendment when a prison system, with deliberate indifference to health consequences, has exposed prisoners to unreasonably high levels of ETS. *Helling v. McKinney*, 509 U.S. 25, 35, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993). Deliberate indifference exists where a prison official "knows of and disregards an excessive risk to inmate health and safety." *Farmer v. Brennan*, 511 U.S. 825, ——, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). In determining whether a Plaintiff has shown that he has been exposed to an unreasonable level of ETS, the Court must "assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Helling v. McKinney*, at 35, 113 S.Ct. at 2482.

Based on the unrefuted affidavits of the Plaintiffs, this Court finds that the Plaintiffs are likely to succeed in their claim that their Eighth Amendment rights have been

violated. The Plaintiffs have detailed a pattern of disregard for the non-smoking policy by both the prison population and by the Corrections Department. As required by its own policy, the Department of Corrections has failed to make even the minimal basic accommodations to provide inmates with protection from ETS exposure. Guards and prisoners may smoke at will in all areas of the facility even those that have been ostensibly designated as "non-smoking areas". There can be no doubt that this lack of enforcement can be interpreted as reckless indifference for the health of the inmates.

Policy statement of the District of Columbia expressly acknowledges the findings of the U.S. Surgeon General that exposure to ETS can be a cause of serious illness. *see January 31, 1992, Memorandum.* In Department of Corrections Operating Procedure 6060.1. promulgated May 1992, the Defendants recognize the "clearly documented" "adverse health risks of smoking and exposure to smoke". Given these findings, made by the Government of the District of Columbia, expressly condemning exposure to ETS, it is highly likely that the Plaintiffs will prevail on their claim that their constant exposure to ETS violates contemporary standards of decency.

■ Plaintiffs will suffer irreparable injury if the preliminary injunction is not entered in this matter. Plaintiffs' medical evidence demonstrates that Plaintiffs involuntary exposure to ETS may have both short and long term effects on their health, including coughing, chest discomfort, phlegm production, and an elevated risk of lung cancer and heart disease. (Dr. Munzer Aff. ¶ 6).

Entry of this injunction will simply require the District of Columbia to enforce its own nonsmoking policy in its Correctional facility and will thus have no adverse effect on other parties. It is narrowly tailored to address the specific issues presented to the Court in this matter. The public interest clearly will be served by the entry of this preliminary injunction. Lower rates of ETS exposure may very well reduce the need for prisoners to seek health care for smoking related illnesses.

This case was instituted by Plaintiff Crowder on March 31, 1994. This case was consolidated with the subsequent *pro se* actions of Plaintiffs Davis, Grey, Smith, Scott, Ashford, Dawson and Roy.[4] At the request of the parties, the Court allowed ample time to reach a settlement. The Court has been advised that the City was willing to accommodate the non-smoking inmates and settle their cases, but only if counsel appointed from the Court system would agree to waive all counsel fees they may be entitled to receive.

■ The substantive rights of Plaintiffs and the fee matter represent two distinct issues. In cases such as these where litigants commence their actions *pro se* and are appointed counsel from the roster of lawyers voluntarily agreeing to represent them, it is unconscionable for the City to require appointed counsel to agree to waive attorney's fees as a condition of settlement. Indeed, the Court finds the imposition of such a condition for settlement to be questionable ethical conduct. Whether Counsel in a particular matter is entitled to a fee and if so, its amount, is for the Court to decide after the issues have been fully briefed by the parties and heard by the Court. The City was told this on numerous occasions by the Court. The City, by maintaining its position linking the attorney fee matter to the substantive relief Plaintiffs are entitled to receive make it incumbent on the Court to proceed with this case without the Defendant's acquiescence.[5]

## CONCLUSION

Based upon these findings of fact, the Court concludes that the Plaintiffs are entitled as a matter of law to the preliminary injunction that they seek. An order granting

4. Pursuant to 28 U.S.C. § 1915(d), the Plaintiffs were assigned counsel from the Civil Pro Bono Panel. This panel is comprised of attorneys who have voluntarily agreed to represent indigent clients at the request of the Court.

5. The Court has reviewed the Prisoner Litigation reform Act of 1995, Pub.L. No. 104–134, enacted on April 26, 1996, and finds that the action it has taken is consistent with this new provision of law.

the injunction is attached. The Court has determined that the most efficient way to ensure that the City complies with this Court's Order is to appoint a disinterested and neutral Special Master. The Special Master will be appointed in accordance with The Prisoner Litigation Reform Act of 1995. This Memorandum opinion represents the Courts findings of fact and conclusions of law.

## ORDER

These consolidated matters having been heard before the Court, it is hereby

**ORDERED** that Plaintiffs' motion for preliminary injunction be **GRANTED.** It is further

**ORDERED** that Defendants, their officers, agents, servants and employees and all persons in active concert or participation with them who receive actual notice of the order of this Court by personal service or otherwise be and they are hereby **ENJOINED** to:

1. immediately transfer the Plaintiffs in this action who are incarcerated into non-smoking quarters.

2. enforce the non-smoking policy as set forth in Department of Corrections D.O.P. 6060.1, and discipline prisoner and guards who violate the policy.

It is further

**ORDERED** that within 7 days from the issuance of this Order, both parties shall submit a list of not more than five persons to serve as a Special Master in these consolidated cases to ensure compliance with the terms of this injunction.

This Court retains jurisdiction to issue such additional Orders as may be necessary.