**Stanley W. McPHERSON, Plaintiff,**

v.

**Phillip COOMBE, Jr., et al., Defendants.**

**No. 95–CV–646A.**

United States District Court, W.D. New York.

Dec. 2, 1997.

Stanley W. McPherson, Albion, NY, Patrick Gallagher, Block & Colucci, P.C., Buffalo, NY, for Plaintiff.

Kevin D. Robinson, Office of the State Atty. Gen., Jerry McGrier, Sr., Asst. Atty. Gen., Buffalo, NY, for Defendants.

## ORDER

ARCARA, District Judge.

The above-referenced case was referred to Magistrate Judge Carol E. Heckman, pursuant to 28 U.S.C. § 636(b)(1)(B). On November 3, 1997, Magistrate Judge Heckman filed a Report and Recommendation, recommending that plaintiff's request for a preliminary injunction relating to defendants employed at Attica Correctional Facility be denied as moot, and that plaintiff's requests for a preliminary injunction relating to defendants and other employees of Orleans Correctional Facility be denied.

The Court having carefully reviewed the Report and Recommendation, the record in this case, as well as the pleadings and materials submitted by the parties; and no objections having been timely filed, it is hereby

ORDERED, that pursuant to 28 U.S.C. § 636(b)(1), and for the reasons set forth in Magistrate Judge Heckman's Report and Recommendation, plaintiff's request for a preliminary injunction relating to defendants employed at Attica Correctional Facility is denied as moot, and plaintiff's requests for a preliminary injunction relating to defendants and other employees of Orleans Correctional Facility is denied.

IT IS SO ORDERED.

HECKMAN, United States Magistrate Judge.

## REPORT AND RECOMMENDATION

This case was referred to the undersigned by the Hon. Richard J. Arcara, for pretrial matters and to hear and report on dispositive motions, in accordance with 28 U.S.C. § 636(b). Plaintiff is seeking a entry of a preliminary injunction (Items 22 and 36). For the reasons that follow, it is recommended that plaintiff's request be denied.

## BACKGROUND

Plaintiff fled this action *pro se* on November 11, 1995, alleging that his Eighth Amendment rights were violated when he was exposed to second-hand smoke at the Attica Correctional Facility (Attica). Plaintiff was subsequently transferred to the Orleans Correctional Facility (Orleans) where he claims that similar exposure has taken place. On December 23, 1996, plaintiff amended his complaint (Item 22) to add 22 individual defendants who allegedly were involved in plaintiff's exposure to second-hand smoke at both the Attica and Orleans facilities.

Plaintiff originally sought injunctive relief in his complaint with respect to conditions at Attica, and renewed his request in his amended complaint with respect to conditions at both Attica and Orleans. On June 27, 1997, plaintiff filed a separate motion for a preliminary injunction (Item 36) claiming that seven employees of Orleans Correctional Facility, none of whom are defendants in this case, are harassing him in retaliation for filing this action by "smoking cigars and cigarettes as a joke and laughing at the matter," using abusive language and filing False misbehavior reports against him. Plaintiff is seeking the immediate cessation of their alleged misconduct.

Defendants responded to plaintiff's motion, arguing that plaintiff fails to meet the standard necessary for a preliminary injunction (Items 38 and 39). Defendants' counsel did not, however, discuss the specifics of plaintiff's allegations with the prison officials at Orleans Correctional Facility or file any affidavits addressing those allegations. Defendants' counsel was directed to do so on or before September 16, 1997.

On September 26, 1997, defendant Sally B. Johnson, Superintendent of Orleans Correctional Facility, filed an affidavit responding to plaintiff's internal complaint dated June 2, 1997, rather than the preliminary injunction motion (Item 47). As with the preliminary injunction motion, however, plaintiff's inter-nal complaint alleged that false misbehavior reports were filed against plaintiff in retaliation for commencing this federal lawsuit. Defendant Johnson states that she reviewed the three misbehavior reports received by plaintiff from January 1997 to August 21, 1997,[1] and found nothing suggestive of retaliation or harassment by the reporting officers (Id. at ¶ 5). This court directed defendants to file affidavits addressing the remaining allegations contained in plaintiff's motion papers on or before October 16, 1997.

On October 17, 1997, defendants' counsel filed a copy of an affidavit executed by defendant Sally B. Johnson, which he received by fax (Item 49).[2] Defendant Johnson states that she sent plaintiff a memo requesting specifics to enable her to conduct an investigation of his allegations of abusive language, that plaintiff responded by sending a copy of his internal complaint dated June 2, 1997, and that absent specific information as to the dates and times of the alleged conduct, she was prevented from fully investigating the matter.

## DISCUSSION

In order to obtain injunctive relief under Rule 65 of the Federal Rules Civil Procedure, an applicant must demonstrate (1) irreparable harm and (2) either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits of his claim to make them a fair ground for litigation, plus a balance of hardships tipping decidedly in his favor. *Plaza Health Laboratories, Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir.1989); *Resolution Trust Corp. v. Elman*, 761 F.Supp. 245, 248–49 (S.D.N.Y.1991). The party seeking the "extraordinary remedy" of preliminary injunctive relief under Rule 65 must show the alleged irreparable harm to be imminent, not remote or speculative. *Reuters Ltd. v. United Press International, Inc.*, 903 F.2d 904, 907 (2d Cir.1990). An allegation of the mere possibility of irreparable harm is insufficient.

1. Defendant Johnson states that employees at Orleans Correctional Facility became aware of plaintiff's lawsuit when they were served with plaintiff's amended complaint on or about January 1997.

2. Although defendants' counsel indicated that he would file the original affidavit immediately Upon receipt, this document has not yet been received by the court.

*Borey v. National Union Fire Ins. Co.*, 934 F.2d 30, 34 (2d Cir.1991). Generally, therefore, the movant must demonstrate a "real threat of actual injury." *Garcia v. Arevalo*, 1994 WL 383238, at *2 (S.D.N.Y.1994).

On the basis of the standard set forth above, it is recommended that plaintiff's claims for injunctive relief, as stated in his complaint (Item 1), amended complaint (Item 22) and affidavits (Items 3, 7, 8), be denied insofar as they relate to Attica Correctional Facility.[3] Plaintiff, who is now incarcerated at another facility, is not in imminent danger of irreparable harm from conditions that may exist at Attica and his claim is therefore moot. *See Davidson v. Kelly*, 100 F.3d 945, 1996 WL 80013 (2d Cir. Feb.23, 1996).

In his amended complaint, however, plaintiff also claims that the Orleans facility has failed to set aside a smoke free environment for nonsmoking inmates (Item 22, ¶ 2), that "it is a known fact that second hand smoke is detrimental to my health being a non-smoker" (Id. at ¶ 3), and that being exposed to smoking is an "unsafe and long term life threatening condition" (Id. at ¶ 1). Plaintiff further contends in his separate motion that Orleans employees are smoking in his presence as a means of harassment.

These generalized allegations alone fall far short of the showing of irreparable harm necessary to obtain the "extraordinary remedy" of preliminary injunctive relief under Rule 65. Plaintiff has not alleged any specific harm, nor has he provided any affidavits other documentation to support a claim that he is being exposed at the Orleans facility to a level of environmental tobacco smoke (ETS) that poses a threat of present or future physical or mental injury. *Cf. Crowder v. Kelly*, 928 F.Supp. 2 (D.D.C.1996) (sufficient showing of irreparable harm existed where nonsmoking plaintiffs suffering from chronic illnesses stated in sworn, unrefuted affidavits that they were denied repeated requests for transfer to nonsmoking dormitory areas and presented medical evidence regarding the potential impact on their health from exposure to ETS).

In addition, plaintiff has failed to demonstrate a substantial likelihood of success on the merits. To prevail, plaintiff must prove both the objective and subjective elements necessary to an Eighth Amendment claim. In other words, plaintiff must show that he himself is being exposed to unreasonably high levels of ETS, and that defendants acted with deliberate indifference to plaintiff's health. *Helling v. McKinney*, 509 U.S. 25, 32, 113 S.Ct. 2475, 2480, 125 L.Ed.2d 22, 33 (1993). Plaintiff's vague allegations, coupled with the lack of any documentary evidence, do not demonstrate a likelihood of success as to either element of his Eighth Amendment claim.

As to his remaining allegations, plaintiff has failed to claim any harm resulting from the alleged abusive language. Nor did plaintiff provide any details that would allow the correctional facility to investigate his vague claims.

With respect to the allegation that defendants retaliated against plaintiff by filing false misbehavior reports, plaintiff again failed to claim that he suffered any harm as a result. Furthermore, defendant Johnson reviewed the reports and hearing dispositions and found no evidence of retaliatory intent. In support of her conclusion, defendant Johnson notes that plaintiff appealed two of the three dispositions, and that the hearing officers' decisions were affirmed in both instances.

### CONCLUSION

Accordingly, for the reasons set forth above, it is recommended that plaintiff's request for a preliminary injunction relating to defendants employed at Attica Correctional Facility **(Item 22)** be denied as moot, and that plaintiff's requests for a preliminary injunction relating to defendants and other employees of Orleans Correctional Facility **(Items 22 and 36)** be denied.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED,** that this Report and Recommendation be filed with the Clerk of the Court.

---

**3.** items 1, 3, 7 and 8 relate solely to conditions at Attica.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72.3(a)(3).

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. *See, e.g., Paterson–Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.,* 840 F.2d 985 (1st Cir.1988).

*Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order. Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.,* 838 F.2d 55 (2d Cir.1988). The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." *Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.*

Let the Clerk send a copy of this Order and Report and Recommendation to the attorneys for the parties.

**SO ORDERED.**